FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SEP 26  PM 12: 57

U.S. DISTRICT COURT
N.D. OF ALABAMA

VENITA A. WILLIAMS,          )
                             )
        Plaintiff,           )
                             )
vs.                          )    CIVIL ACTION NUMBER
                             )
MEL BAILEY, et al.,          )        96-C-0521-S
                             )
        Defendants.          )

ENTERED

SEP 2 6 1997


### MEMORANDUM OF OPINION GRANTING SUMMARY JUDGMENT

On defendants' Motion For Summary Judgment based on the
doctrine of *res judicata*, the relevant operative facts are
undisputed.

I

On January 30, 1996, plaintiff Venita A. Williams filed
an application to commence an action under 42 U.S.C. §§ 2000e-
2000e-17 (1994)("Title VII") without prepayment of costs and
appointment of an attorney.  Judge Robert Propst, who screened the
application, declined to appoint an attorney, but ordered that the
application be treated as a complaint and that an amended complaint
be filed within thirty days.  The case is styled, <u>Venita Williams
v. Jefferson County Sheriff's Department</u>, CV-96-AR-0251-S (N.D.
Ala. 1996).  As the case number suggests, the case was assigned to
Judge William Acker.

21

In her application/complaint, plaintiff says the following:

> Jefferson County terminated me improperly in a manner contrary to their policy and procedure for employees - pending termination but under medical care.   I should not have been terminated during the period I was being psychologically evaluated.  I had been advised by my doctor not to return to work, however, Marsha Allen of Internal Affairs at Jefferson County instructed me to report.   When I reported I was terminated.

Application, pp. 4,5.

Little more than thirty days after Judge Acker's first order, the judge dismissed plaintiff's complaint for want of prosecution.

In the interim, plaintiff obtained the services of her present lawyers.  Plaintiff did not reveal to her lawyers the pendency of her action in Judge Acker's court.  Her lawyers filed the present action on February 27, 1996.

On March 19, 1996, plaintiff's counsel filed in this case a "Motion to Set Aside Order of Dismissal and Motion to Reinstate." That motion was directed to Judge Acker.  Less than ten days later, Judge Acker denied the Motion to Set Aside.  He specifically noted that neither the plaintiff nor he her counsel briefed the motion or appeared in court to argue in its support.  There was no appeal from Judge Acker's March 28 order.

2

In the present action, the named defendants are the State of Alabama; Mel Bailey, individually and officially in is capacity as the Sheriff of Jefferson County, Alabama; Lieutenant Sam Green, individually; and Sergeant Marsha Allen, individually.  Plaintiff complains of racial discrimination (including discharge), disability discrimination, and a violation of the Family and Medical Leave Act of 1993.  She also makes state law claims of slander, libel, invasion of privacy, and outrageous conduct.

## II

The doctrine of *res judicata* applies where four conditions are satisfied.  Where there is a final judgment on the merits, rendered by a court of competent jurisdiction, identical parties, and identical causes of action, a subsequent action is barred.  *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir. 1988).

Where a dismissal for want of prosecution does not explicitly state that the dismissal is without prejudice, the dismissal operates as an adjudication on the merits.  Fed.R.Civ.P. 41(b).

## III

Based on the undisputed facts, all of the requirements for *res judicata* are met in this case.

Accordingly, by separate order, defendants' motion for summary judgment shall be granted.

DONE this _____ 26th _____ day of September, 1997.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON

4